## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KORRY ALLEN, # M12862,    )
    )
        Plaintiff,    )
    )
    vs.    )       Case No. 3:24-cv-02481-GCS
    )
ASHLYN BARTELS, and    )
LEANNA WILLIAMS (Warden),    )
    )
        Defendants.    )

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Korry Allen filed this lawsuit while he was an inmate of the Illinois Department of Corrections ("IDOC"), incarcerated at Vandalia Correctional Center. He has since been released from prison. (Doc. 13, 15). He brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights and seeks monetary damages. He claims that his arm injury was not promptly or properly treated.

Plaintiff's Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims.[1] *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture,

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 16), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court, Wexford Health Sources, and the IDOC.

the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that on May 15, 2024, he was walking around the Vandalia recreation yard and encountered some weight-lifting equipment that was blocking the walkway. (Doc. 1, p. 4-5). Plaintiff attempted to lift the weight out of the path. When he picked it up, the weight snapped off its bar. As a result, Plaintiff's right arm and shoulder flew up in the air, and he dropped the rest of the weight. His upper arm and shoulder were jolted and mangled, causing an unbearable, intense, sharp pinching pain in the shoulder. Plaintiff immediately filled out a sick call request. *Id.* at p. 5-6.

Plaintiff saw Nurse Practitioner Ashlyn Bartels on May 16, 2024. (Doc. 1, p. 6). She determined, without examining Plaintiff's shoulder, that he suffered "just a strain," and gave him ibuprofen for the pain. Several days later, when the pain persisted despite the medication, Plaintiff saw Bartels again. Bartels examined his shoulder and arm, which he was not able to move in any direction because his shoulder "was totally limp and dead." *Id.* Bartels gave Plaintiff Ibuprofen and naproxen, which still did nothing to relieve the pain. Several days later, still in pain, Plaintiff returned to health care, where he was offered an x-ray. Plaintiff agreed but the x-ray was not performed until a few days later; his intense pain continued. *Id.* at p. 7.

Plaintiff personally told Warden Leanna Williams about his injury, explaining it happened because damaged weights were blocking the yard walkway. (Doc. 1, p. 7). He asserts the injury would not have happened if Williams would have overseen the

recreation yard, had performed a quality check on the equipment, and had removed damaged equipment to eliminate this safety hazard. *Id.* at p. 8-10.

Plaintiff's x-ray results came back a few days later, and it showed that he had degenerative bone narrowing in his right shoulder joint. Bartels said Plaintiff needed treatment as soon as possible with a steroid or cortisone injection, which would be done at an outside hospital. That visit did not take place until July 10, 2024, at the Benutti clinic in Effingham. (Doc. 1, p. 7). In the meantime, Plaintiff continued to suffer unrelieved pain that interfered with his sleep.

The July 10, 2024, cortisone/steroid injection relieved Plaintiff's pain for about three days, but then the pain returned and was worse. (Doc. 1, p. 8). The doctors who gave the injection said that if it didn't relieve his pain, Plaintiff's next step would be surgery.

Plaintiff was not willing to have shoulder surgery while in prison; he wanted to choose his own doctors and hospital for any operation following his release. Additionally, he doubted the surgery could be approved or performed before his anticipated release date.[2] (Doc. 1, p. 8-9). At the time he filed the Complaint (September 9, 2024), Plaintiff was still having severe pain and inflammation in his shoulder. *Id.* at p. 5, 8.

---

[2]    Plaintiff was released from IDOC custody on October 24, 2024, according to information forwarded to the Court by the Vandalia Trust Fund Officer. Plaintiff filed a Notice of Change of Address on December 16, 2024, confirming his release. (Doc. 15).

DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1:    Eighth Amendment deliberate indifference claim against Bartels for failing to provide effective pain relief for Plaintiff's May 15, 2024, shoulder/arm injury, delaying an x-ray, and delaying his referral for a pain injection.

> Count 2:    Claim against Williams for failing to monitor and remove safety hazards (damaged weight equipment) from the Vandalia recreation yard.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

**Count 1**

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Deliberate indifference is demonstrated

---

[3]    *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

where a prison official acted or failed to act despite his/her knowledge of a serious risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994). An objectively serious condition includes a condition that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The failure to treat pain may amount to an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Grieveson v. Anderson*, 538 F.3d 763, 778–780 (7th Cir. 2008). "Delaying treatment may constitute deliberate indifference if such delay . . . unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).

Plaintiff's arm/shoulder injury was an objectively serious medical condition. His allegations are sufficient for Count 1 to proceed against Defendant Bartels.

## Count 2

Plaintiff seeks to hold Defendant Williams liable for his injury because she failed to see that a safety hazard – the broken weight equipment blocking the walkway – was removed from the recreation yard. His allegations amount to a claim of negligence against Williams. *See, e.g., Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (noting that Illinois tort of negligence includes elements that defendant owed plaintiff a duty of care, breached that duty, and the breach proximately caused plaintiff's injury). However, in a § 1983 civil rights case, a defendant cannot be held liable for negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Count 2 and Defendant Williams will therefore be dismissed for failure to state a constitutional claim upon which relief may be granted.

PENDING MOTION

Plaintiff's Motion for Attorney Representation (Doc. 4) is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). In determining whether to recruit counsel, the Court considers whether the *pro se* party has made reasonable efforts to secure counsel on his own and his ability to litigate the case on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff has not demonstrated any efforts to obtain counsel on his own. He states he has contacted some lawyers who declined to represent him, but he does not attach any correspondence to or from them. (Doc. 4, p. 1). Moreover, at this early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel, so recruitment of counsel would be premature. *See, e.g.*, *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) (stating that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged.").

Should Plaintiff encounter difficulties in self-representation as this case proceeds, he may refile his motion seeking recruitment of counsel. If he renews his request, he should submit at least 3 rejection letters from attorneys to show that he has made reasonable efforts to obtain counsel on his own.

DISPOSITION

The Complaint states a colorable claim in Count 1 against Bartels. Count 2 and Defendant Williams are **DISMISSED** from the action without prejudice.

The Clerk shall prepare for Ashlyn Bartels: (1) Form 5 (Notice of a Lawsuit and

Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  March 25, 2025.**

Digitally signed by Judge Sison
Date: 2025.03.25
11:27:55 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.